

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

December 18, 1947

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-459

Re: Applicability of
occupation tax
levied by Art.
7047, Sec. 46,
V.C.S. to carbon
black manufactured
from crude oil.

Dear Mr. Sheppard:

You state that carbon black is now being pro-
duced by "a method where there is used (a) part natural
gas and part crude oil, (b) all crude oil, (c) refiner-
ies' residue." Your question is whether carbon black
manufactured by the use of substances other than gas is
subject to the carbon black occupation tax levied by
Section 46 of Article 7047, V. C. S.

The manufacturing or occupation tax on carbon
black was initiated by Acts 1936, 44th Leg., 3rd C. S.,
p. 2040, being Article 7047 (45); but this was repealed
and superseded by Article 7047 (46), (V.C.S.), being
Acts, 1941, 47th Leg., p. 269, Ch. 184. Article XI read-
ing in part as follows:

"There is hereby levied an occupation
tax on every person, agent, receiver, trustee,
firm, association, or co-partnership manufac-
turing or producing carbon black in this State,
such tax to be as follows:

"1. On 'Class A' carbon black said tax to
be one hundred twenty-two twelve hundredths
(122/1200) of one (1) cent per pound on all such
carbon black produced or manufactured where the
market value is four (4) cents per pound or less,
and shall be four and one tenth (4.1) per cent
of the value of all such carbon black produced
or manufactured where the market value is in ex-
cess of four (4) cents per pound.

"2. On 'Class B' carbon black said tax to be thirty-one two hundred fortieths (31/240) of one (1) cent per pound on all such carbon black produced or manufactured where the market value is four (4) cents per pound or less, and shall be five and two tenths (5.2) per cent of the value of all such carbon black produced or manufactured where the market value is in excess of four (4) cents per pound.

"'Class A' carbon black as used in this Article means carbon black manufactured or produced by the use of less than two hundred (200) cubic feet of gas per pound of carbon black.

"'Class B' carbon black as used in this Article means carbon black manufactured or produced by the use of more than two hundred (200) cubic feet of gas per pound of carbon black.

"Should one (1) or more of the classifications herein be declared for any reason to be discriminatory or unconstitutional or for any reason invalid, then there is hereby levied on all carbon black manufactured or produced in this State a tax of one hundred twenty-two twelve hundredths (122/1200) of one (1) cent per pound on all carbon black produced or manufactured where the market value is four (4) cents per pound or less, and a tax of four and one tenth (4.1) per cent of the value of all carbon black produced or manufactured where the market value is in excess of four (4) cents per pound.

"(f) The term 'carbon black' as herein used <u>includes all black pigment produced in whole or in part from natural gas, casing-head gas</u> or residue gas by the impinging of a flame upon a channel disk or plate, and the tax herein imposed shall reach all products produced in such manner." (Emphasis ours)

It will be noted that Subdivision (f) just quoted defines carbon black as including "all black pigment produced. . . by the impinging of a flame upon a chemical channel disk or plate." In the case of Peerless Carbon Black Co. v. Sheppard, 113 S. W. (2) 996 (C. C. A., err. ref.), the taxpayer employed the "cylinder method" and contended that it did not fall

within the statutory definition. The Court held that
the use of the word "includes" in the statute was not
intended by the Legislature to exclude carbon black
manufactured by methods other than the use of "a channel
disk or plate." The Court in the course of its opinion
used the following language:

> ". . . Obviously, the language, 'the term
> "carbon black" as herein used includes all
> black pigment produced in whole or in part
> from natural gas, casing-head gas or residue
> gas by the impinging of a flame upon a channel
> disk or plate,' was not intended to limit the
> language of paragraph (a) which imposed the
> tax upon 'every person . . . manufacturing or
> producing carbon black'; but the word 'includes'
> was used in its generally accepted sense, and
> as also including those manufacturing or pro-
> ducing carbon black by the methods named. This
> construction is further made manifest by the
> language of paragraph (f) providing, that 'the
> tax . . . imposed shall reach all products pro-
> duced in such manner.' It will be noted that
> this language did not limit the tax to 'all
> products produced in such manner,' but pro-
> vided that the tax 'shall reach all products
> produced in such manner,' thus clearly indi-
> cating that the tax was also imposed on pro-
> ducts produced in other manners or by other
> methods. And when the entire act is read it
> shows that the tax was not imposed upon a
> method or manner used in manufacturing or
> producing carbon black, but upon the business
> or occupation of manufacturing or producing
> carbon black in its entirety, and that the
> methods of production referred to were il-
> lustrative of the carbon black industry and
> in aid of the officials charged with the duty
> of collecting the tax. . ."

The occupation tax levied by this Article is
upon the occupation of manufacturing or producing carbon
black in this State, and it is levied by Subdivision (a)
quoted above. Evidently the Legislature was aware of the
fact that carbon black could be manufactured by the use
of materials other than natural gas, in that it used the
expression "includes all black pigment produced in whole
or in part from natural gas" in Subdivision (f) quoted
above. It seems clear to us that had the Legislature in-
tended to tax only the occupation of manufacturing carbon

black when natural gas was used in such production, it would have employed appropriate language to that end. Reading the Act as a whole and giving that interpretation to Subdivision (f) which was given by the Court in the Peerless case, we are of the opinion that the Legislature not only intended to but did levy a tax upon the business or occupation of manufacturing or producing carbon black irrespective of the method employed or the raw materials used in the manufacture thereof.

The Legislature after levying the tax in Subdivision (a) on the occupation of manufacturing carbon black, without any limitation upon the method employed or the raw materials used, then proceeded to fix a rate based upon whether more or less than 200 cubic feet of gas was used in the manufacture of a pound of carbon black. In the example given, it is very probable that less than 200 cubic feet of gas per pound of carbon black is being used, if any. Hence the carbon black would be taxable under Class A.

To show the legislative intent, it is pointed out that the Act provides that if this rate classification be discriminatory or unconstitutional, the rate will be 122/1200 of one (1) cent per pound "on all carbon black produced or manufactured," and levies such tax "on all carbon black manufactured or produced in this State." This provision was added for the sole purpose of providing a rate to be used in the event the rate classification as provided in "Class A" and "Class B" was invalid. This provision clearly shows the Legislature intended that the occupation of manufacturing carbon black was to be taxed irrespective of the method employed or the kind of raw materials used.

## SUMMARY

The occupation of producing carbon black manufactured from (a) part natural gas and part crude oil, (b) all crude oil, and (c) refineries' residue is subject to the tax levied under Sec. 46 of Art. 7047, V.C.S. Peerless Carbon Black Co. v. Sheppard, 113 S.W. (2) 996.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED

*Price Daniel*

ATTORNEY GENERAL

By *W. V. Geppert*

W. V. Geppert
Assistant

WVG/JCP